Main Document    Page 1 of 17

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  Dare Law, SBN 155714
   Trial Attorney
3  OFFICE OF THE UNITED STATES TRUSTEE
   725 South Figueroa Street, 26th Floor
4  Los Angeles, California 90017
   Telephone No. (213) 894-4925
5  Facsimile No. (213) 894-2603
   e-mail: dare.law@usdoj.gov
6

7

8              UNITED STATES BANKRUPTCY COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
9                    LOS ANGELES DIVISION

10

11  In Re                          )  Case Number 2:10-bk-32251 VZ
                                   )
12                                 )  Chapter 11
    EAST LA LEONARD, LLC           )
13                                 )  OBJECTION TO APPLICATION FOR
                                   )  AUTHORITY TO EMPLOY COUNSEL
14                                 )
                                   )  DATE: [ no hearing set]
15        Debtor-in-Possession     )  TIME: a.m.
                                   )  CTRM:[]
16                                 )  255 E. Temple Street
                                   )  Los Angeles, CA 90017
17                                 )
                                   )
18  _____

19  **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY**

20  **JUDGE, DEBTOR, DEBTOR'S ATTORNEY AND ALL INTERESTED PARTIES**

21         The United States Trustee has reviewed Debtors application to employ The Law Offices

22  of Anthony O. Egbase (the "Egbase Firm") as general bankruptcy counsel to the Debtor. The

23  United States Trustee for the Central District of California ("U.S. Trustee") hereby objects to the

24  Application seeking authority to employ Anthony O. Ebase, (hereinafter referred to as

25  "Counsel").

26         The retainer received by the Egbase Firm provides that the terms of retention involve an

27  "engagement deposit" of $11,039 of which $10,000 was drawn down from the Client Trust

28

1

Account to cover pre-petition filing activities with the remaining $1,239 to be paid by June 1, 2010. Furthermore, the Egbase firm imposed a flat monthly fee of $4,653 on the 30th of every month beginning on June 30, 2010 until the completion of the case. This amount is said to be deposited in a segregated client trust account, which upon receipt of Court's approval will be drawn down. Attached as Exhibit 1 is a True and Correct Copy of the Ebase Firm's Retainer Agreement. Thus, the Court and the creditors cannot perform the typical oversight functions employed to ensure that value to the estate is provided at a reasonable cost.

Section 330(a)(1) authorizes "reasonable compensation for actual, necessary services rendered" by a professional. Section 330(a)(2) authorizes a court to award compensation that is less than the amount of compensation requested. Section 330(a)(3)(A) outlines factors a court should consider when determining what is reasonable compensation for services rendered. In addition, §§ 330(a)(4)(A) outlines when compensation should not be allowed:

> (A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Egbase Firm is silent on providing the amount of time required for any of the pre-petition activities or post-petition activities. In fact, the Egbase Firm in charging the amount of $10,000 for pre-petition fees did not adequately disclose the amount of time spent on the pre-petition filing services. Although the Egbase Firm details the hourly rate charged by its attorneys and legal staff, it clearly fails to indicate the amount of time spent on the pre-petition filing activities. Important to note, however, is the conflicting terms regarding payment amounts made by the client in the Disclosure of Compensation Paid to Anthony O. Egbase that was submitted to this court with Debtor's Voluntary Petition and the Declaration of Anthony O. Egbase in support of Debtor's Application to Employ Counsel. The Declaration of Anthony O. Egbase states that Debtor paid Counsel the sum of $11,039 in engagement deposit. Nevertheless, in the Disclosure of Compensation Paid to Anthony O. Egbase, the Egbase Firm states that Debtor paid the firm $8,761 for expenses incurred during the one-year period before the filing of the petition. The Disclosure of Compensation also avers that the Egbase Firm did not receive any retainer fee for services in connection with the bankrupty case. Attached as Exhibit 2 is a True and Correct copy of the Disclosure of Compensation Paid to Anthony O. Egbase. The discrepancy in a material term is compounded by the fact that neither document indicates the amount of time spent on pre-petition filing activities.

The Egbase Firm is fully aware of the employment and compensation requirements of an employed professional in a chapter 11 proceeding. In the case of *In re Circle K Corporation*, 191 B.R. 426 (Bankr. Ariz. 1996), the Court denied **half** of Counsel's final fee application because of failure to keep time records and to provide detail regarding fees and expenses. Moreover, the Court noted that, although it approved Counsel's initial fee agreement providing for payment of a flat fee of $100,000 monthly, Counsel was required to submit monthly invoices detailing all services performed and all fees remained subject to Court approval in a final fee application. *In re Circle K Corporation*, 191 B.R. 426, 430. Similarly, the Egbase firm is required to submit monthly invoices detailing all services performed, and failure to do so should result in denial of its employment application.

3

1 | WHEREFORE, for the reasons stated above, employment should be denied.

2 | Dated: July 14, 2010                    PETER C. ANDERSON
                                            UNITED STATES TRUSTEE

                                            By: /s/ Dare Law
                                                Dare Law
                                                Attorney for the U.S. Trustee

# Exhibit "1"

Exhibit "1"

# ANTHONY O. EGBASE & ASSOCIATES
### ATTORNEYS AT LAW

## THE WORLD TRADE CENTER
350 SOUTH FIGUEROA STREET, SUITE 189
LOS ANGELES, CA 90071
CALL:213.620.7070 FAX:213.620.1200
INFO@ANTHONYEGBASELAW.COM

## Chapter 11 bankruptcy
## Retainer Agreement

THIS RETAINER AGREEMENT is made this ___29th May, 2010___ by and between East LA Leonard LLC, the undersigned Client ("Client") and the LAW OF OFFICE ANTHONY O. EGBASE.

### I.

The Client hereby retains attorney to prosecute and action described as follows, on Clients sole behalf: Attorney to Handle a Chapter 11 case, including but not limited to handling any and all motion for relief from stay, objections to discharge, disclosure statements, liquidation of assets/restructuring of liabilities, proposal of plan of reorganization, and all matters incident to obtaining final confirmation of a chapter 11 Plan of reorganization in clients behalf.



WWW.ANTHONYEGBASELAW.COM

1

# ANTHONY O. EGBASE & ASSOCIATES
### ATTORNEYS AT LAW

## II.

The client hereby empowers the attorney to perform the said services for all on behalf of the Clients, in his or her name, and to do all things with the Attorney may deem necessary, appropriate or advisable.

The client hereby authorizes the attorney, the attorney's sole discretion, to have another attorney either associated with her, or otherwise appear on behalf of Client in Court.

## III.

## FEES, COSTS, BILLS AND RETAINERS

Our billing process provides very detailed information.

**Fees.** Fees are charged in one tenth hour (.10 hour) intervals. Hourly rates (listed on the enclosed schedule) reflect different levels of experience and training. We agree to give you 30 days notice of any increase to existing rates. We reserve the right to add new professionals and set rates without notice. The current schedule of hourly rates is:

### Attorneys Rates
- Anthony Egbase Esq.,      -$400
- Victoria Kajo Esq.,        -$250
- Jessica Demuth Esq.,       -$250
- Onyinye Anyama Esq.,       -$250
- Gerald Egbase Esq.,        -$250

### Paralegals Rates
- Joanne Sanchez   - $150
- Arthur Barreda   - $120
- Karen Reyes      - $120

Statement entries for fees identify the professional, the date, a description of the work, the time consumed, the hourly rate, and the actual dollar cost for the item.

**Costs.** Only direct costs are charged to clients. Examples include messenger services, long distance telephone charges, filing fees, deposition costs, postage, parking charges, outside copying jobs, and similar items. In office copies and faxes are charged at $.20 per page. Mileage is charged at $.35/mile.
Statement entries for costs identify the type of cost, the date, the amount, and a description for "large" amounts.

**Statements.** PLEASE REVIEW OUR STATEMENTS. We are human and we do occasionally make mistakes. Please call immediately about any suspected errors. Statements reflect a beginning balance, current charges, credits, adjustments and an ending balance. Payments received (including retainers applied) after the end of a calendar month appear on the next statement.

WWW.ANTHONYEGBASELAW.COM

2

## ANTHONY O. EGBASE & ASSOCIATES
### ATTORNEYS AT LAW

Professionals handling Chapter 11 cases are required to categorize fees and costs by topic. We assign letter codes for various topics as they are needed, and we provide separate statements for each topic. Bills are long, but easier to understand. Letter codes are as follows:

A- General administration
B - Employment and fees
C - US Trustee compliance and first meeting
D - Notice lists
E - US Trustee Reports
F - Claims
G - Other professionals
H - Creditor committee matters
I - Cash collateral matters
J - Leases/executory contracts
K - Borrowing motions
L - Automatic stay matters
M - Sale/disposition of assets
N - Transfer avoidance actions
O - Rule 2004 examinations
P- Other litigation
Q- Tax issues
R- Employee benefits/pensions
S - Dismissal/conversion/ trustee -motions
T- Plan matters
U- Involuntary bankruptcy
V -Discharge/dischargeability litigation
W-Miscellaneous

Sometimes there are multiple matters within a category, for example there may be multiple relief from stay motions filed. In those situations, each motion would receive a separate number such as L1, L2, L3, etc.

**Retainers.** As a condition of our engagement, you have agreed to pay a retainer of $ 11,039.00 . The first $ 9,800.00 has been paid before the Chapter 11 petition is filed. The remaining $ 1,239.00 is to be paid on or before June 1st, 2010 . If this amount is not paid when due, we will withdraw our application to act as CLIENTS attorneys. The Bankruptcy Court will either dismiss the case, appoint a Chapter 11 Trustee to take over management of the case, or convert the case to a Chapter 7 liquidation proceeding.

Due to strict conflict of interest rules in the Bankruptcy Code, we must know the source of funds used to pay the retainer. In this case you have advised us that $ 9800.00 was from your personal funds and the remaining $ 1239.00 was from the company bank account.

**Monthly Deposit.** In addition to the retainer, CLIENT agrees to deliver to us the sum of $4653 on the 30th of every month for the next three months, for an additional total of $13961 which we will deposit into a segregated client trust account. The monthly payments are to begin on 06-30-2010 and continue on the first business day of each calendar month until the case is completed.

## ANTHONY O. EGBASE & ASSOCIATES
### ATTORNEYS AT LAW

We cannot withdraw funds from this account to pay our fees or costs until the Bankruptcy Court issues an Order allowing our fees or the bankruptcy case is dismissed. Once our fees and costs have been paid, we will refund any remaining balance to CLIENT.

Although we cannot use the funds in this account to pay our fees and costs on an ongoing basis, it is important that CLIENT continue to deposit funds into the account on an ongoing basis. If CLIENT fails to make the required deposit, we are entitled to advise the Bankruptcy Court and request that we be permitted to withdraw as CLIENT'S attorneys. If that request is granted, the Bankruptcy Court is likely to either dismiss the case, appoint a Chapter 11 Trustee to take over the management of the bankruptcy estate or convert the case to a Chapter 7 liquidation proceeding.

**Fee Estimates.** The retainer is a deposit or down payment. It is not the full fee or is it a cap on fees for the work to be done. Fees and costs depend on the need to respond to external events and strategic decisions made during the case. For that reason, fee estimates are unreliable and not binding.

**Fee Disputes.** In Chapter 11 cases, fees disputes are almost always resolved by the Bankruptcy Court.

## VI
## MISCELLANEOUS ITEMS

**Start Date.** Our obligation to provide legal services begins ONLY when we receive a signed copy of this letter AND when we receive the initial $_____ retainer.

**Communication.** Issues can surface with little or no notice. We must be able to reach you quickly either to get information or discuss options. Please provide current address, phone, facsimile, pager and cell phone numbers for each Client representative. Please give us your vacation schedule as far in advance as possible. If possible, we will try to schedule events around that time. We strongly urge that you maintain a fax machine where we can send documents to you in a confidential fashion.

**Conflicts of Interest.** Under the professional rules of conduct, we owe a duty of undivided loyalty to our Client. We cannot provide legal advice to, or represent anyone else, such as shareholders, officers or partners, in connection with the case.

**Attorney-client Privilege.** If the client is a Partnership, corporation, LP, LLC or some other form of business entity, and if a trustee is appointed in the case, the trustee as new "management", is entitled to examine our entire legal file. This includes any matters which may normally be covered by the attorney/client privilege.

**Withdrawal and Substitution of Counsel.** Subject to certain restrictions (explained below), either of us may end the attorney client relationship at any time. We will cooperate with new counsel during any transition, and you agree that we are entitled to be paid for the transition work. If we want to withdraw as counsel, we will provide a 30-day notice. After that time, Client agrees to sign a Substitution of Attorney form which relieves us as counsel.

If Client fails or refuses to sign the form, we will file a motion with the Court asking for permission to withdraw, and Client will be obligated to pay fees and costs associated with that motion.

## ANTHONY O. EGBASE & ASSOCIATES
ATTORNEYS AT LAW

We may withdraw with less notice if withdrawal is necessary due to: problems in the attorney/client relationship; the rules of ethics; or whenever such notice is impractical.

If our engagement has been approved by the Bankruptcy Court or if we have made a Court appearance on behalf of the Client, we cannot be terminated and we cannot withdraw without Court approval.

Even after we have withdrawn from representation, our right to charge fees and costs under this agreement continues until we have obtained Court approval for payment and been paid.

**Other Attorneys.** If different legal expertise is required, it is up to Client to identify and engage appropriate counsel.

**Client Files.** We recognize that Client files belong to the Client. We are attempting to convert to a 'paperless" office, but we nonetheless will maintain a paper file which has information about your case. We have the right to retain the file so long as we have responsibility for the legal proceeding, and for a brief period of time to make copies (at our own expense). We also have the right to remove certain limited items such as attorney notes and documents needed to collect our fees and costs (such as the original of this retainer letter). At the conclusion of our services, we will return the file to our Client.

## V.
## CONCLUSION

The goal of Chapter 11 is to produce a "plan" which provides for repayment of some or all outstanding debt. We have handled Chapter 11 cases for more than 10 years. We do our best to anticipate upcoming problems and give you as much advance warning as possible.

This letter is very long, but it creates a good foundation for a successful working relationship. You may wish to review its terms with another attorney. Please call me to discuss any questions you may have. After you have received answers to your questions, please sign the original and return it to the office.

Dated 5/29/10

Anthony O. Egbase

## ANTHONY O. EGBASE & ASSOCIATES
ATTORNEYS AT LAW

**CLIENT STATEMENT**

I have read this retainer letter. The background information is correct. I understand how fees and costs are charged. I understand that estimates regarding fees and costs are not binding and agree that any disputes will be resolved by the Bankruptcy Court. The information I will provide about the source of the retainer is true and correct. I understand when legal services begin and when they end and that decisions concerning the employment and compensation of counsel in Chapter 11 cases are subject to Court approval. I understand what happens to files maintained by the Firm on behalf of clients.

I am authorized to sign this letter on behalf of __East LA Leonard LLC__

__Ana Ruth Manzo__, wishes to employ the Law Offices of Anthony Egbase & Associates under the terms and conditions described in this retainer letter.

Dated __05/29/10__     Signature _____

Title __CEO__        Ana Ruth Manzo
                     323-707-6509
Signature _____

Title

Name of Corporation

Title _____

WWW.ANTHONYEGBASELAW.COM
6

10

# Exhibit "2"

Exhibit "2"

1  *Law Offices of:*
   ANTHONY O. EGBASE & ASSOCIATES
2  ANTHONY O. EGBASE, ESQ. - Bar No.: 181721
   350 S. Figueroa Street, Suite 189
3  Los Angeles, California 90071
   Telephone: (213) 620-7070 Facsimile: (213) 620-1200
4
5  Attorney for Debtor

6  UNITED STATES BANKRUPTCY COURT

7  CENTRAL DISTRICT OF CALIFORNIA

8  In Re:                                   )   CASE NO.:
9        East LA Leonard, LLC               )   DISCLOSURE OF COMPENSATION
                                            )   PAID
10                                          )
11           DEBTOR                         )

## DISCLOSURE OF COMPENSATION PAID TO ANTHONY O. EGBASE

Pursuant to section 329 and 594 of the Bankruptcy Code, and Rule 2016(b) of the federal Rules of Bankruptcy Procedure the law of Firm of Anthony O. Egbase counsel for make this statement setting forth the compensation paid or agreed to be paid to the Firm within one year before the filing of the petition commencing this case, for services rendered in contemplation of and in connection with this case, and the source of such compensation.

1. During the one-year period before the filing of the petition commencing this case, the Debtor paid $8761.00 for services rendered and expenses incurred by the Firm in contemplation of and in connection with commencing this case, and with respect to research and analysis of prior bankruptcy, research and preparation of First Day motions and motion for relief. Preparation of debtor's seven day package and analysis of financial records. In addition, the Firm received a $0 retainer for services to be rendered in connection with the bankruptcy proceeding.

-1-

11

2. The Debtor has agreed to pay the Firm at its usual hourly rates in effect from time to time during the pendency of this Chapter 11 proceeding, and to reimburse the Firm for its expenses in connection with such services, in such amounts as this Court determines pursuant to sections 330 and 331 of the Bankruptcy Code. Presently, the range of hourly rates for the Firm attorneys and legal assistants is as follows:

$ 400.00    Anthony O. Egbase, Esq.

$ 250.00    Victoria Kajo, Esq.

$ 250.00    Jessica Demuth, Esq.

$ 250.00    Onyinye Anyama, Esq.

$ 250.00    Gerald Egbase, Esq.

Paralegal Rates

$ 150.00    Joanne Sanchez

$ 120.00    Arthur Barreda

$ 120.00    Karen Reyes

Hourly Rates are subject to adjustment from time to time.

3. The source of the compensation paid or promised to be paid by the Debtor is from revenue of the Debtor.

4. The Firm has not shared or agreed to share any portion of said compesation with any other person.

5. The Firm has not received any other payment in connection with this case, nor has the Firm entered into any other agreement with the Debtor, except as set forth herein.

Dated: June 1, 2010　　　Law Offices of Anthony O. Egbase & Associates

　　　　　　　　　　　　　／s／ Anthony O. Egbase
　　　　　　　　　　　　　Anthony O. Egbase
　　　　　　　　　　　　　Attorney for the Debtor

-3-

13

| In re: East La Leonard, LLC. | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 2:10-bk-32251 VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
725 South Figueroa Street, Suite 2600
Los Angeles, California 90017

A true and correct copy of the foregoing document described ___OBJECTION TO APPLICATION FOR AUTHORITY TO EMPLOY COUNSEL_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 15, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___July 15, 2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____July 15, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instruction to deliver the copy to the chamber bin outside Suite 1360 for the Honorable Vincent P. Zurzolo.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 15, 2010 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

14

| In re: East La Leonard, LLC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-32251 VZ |

## ADDITIONAL SERVICE INFORMATION

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Anthony Egbase    info@anthonyegbaselaw.com
- Dare Law    dare.law@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**DEBTOR**
**East LA Leonard, LLC**
5914-5916 Whittier Blvd Ste B
Los Angeles, CA 90022

**DEBTOR'S COUNSEL**
**Anthony Egbase**
Law Offices of Aanthony O Egbase & Assoc
350 S Figueroa St Ste 189
Los Angeles, CA 90071

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                            F 9013-3.1

15